UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MELANIE MARTINEZ,

     Plaintiff,

v.                                    Case No: 5:25-cv-706-WWB-PRL

SYMBOTIC, LLC,

     Defendant.

_____

## ORDER

This cause, upon referral,[1] comes before the Court on an Unopposed Motion to Compel Arbitration and Stay this Action Pending Arbitration ("Motion to Compel Arbitration") filed by Defendant Symbotic, LLC ("Defendant" or "Symbotic"). (Doc. 36). Upon due consideration, Defendant's Motion to Compel Arbitration is granted, and the case is stayed pending arbitration.

## I.    BACKGROUND

In this employment discrimination action, Plaintiff is suing Symbotic, where she worked as a maintenance technician from July 2024 to January 2025, for pregnancy discrimination under the Florida Civil Rights Act and Title VII of the Civil Rights Act of 1964, and failure to accommodate and take adverse action under the Pregnant Workers Fairness Act. (Doc. 30). Plaintiff's claims stem from her time working as an employee of

---

[1] "Because a motion to compel arbitration does not address the merits of the dispute but merely changes the forum, it is a non-dispositive matter that does not require a report and recommendation." *Eugene v. Ciox Health LLC*, No. 2:24-cv-944-SPC-KCD, 2024 WL 4869504, at *1 n.3 (M.D. Fla. Nov. 22, 2024) (citing *Soriano v. Experian Info. Sols., Inc.*, No. 2:22-cv-197-SPC-KCD, 2022 WL 17551786, at *1 (M.D. Fla. Dec. 9, 2022)).

Aerotek Services, LLC ("Aerotek"), who assigned Plaintiff to work at the Symbotic facility located within the Walmart Distribution Center in Brooksville, Florida.[2] (*See id*. at ¶¶ 10-11). Aerotek is a temporary staffing company that hires employees to work on temporary assignments at client sites. (*See id*. at ¶ 10).

In connection with her employment, Plaintiff signed a Mutual Arbitration Agreement ("Arbitration Agreement") on July 15, 2024. (Doc. 36 at pp. 2, 6; *see* Doc. 36-1). Alexandra S. Flores, a Senior Field Operations Associate at Aerotek, countersigned the Arbitration Agreement on July 17, 2024. (Doc. 36 at p. 6; *see* Doc. 36-1 at pp. 3-4). The Arbitration Agreement states, in pertinent part, that:

> [A]ll disputes, claims, complaints, or controversies ("Claims") that I may have against Aerotek Services, LLC and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually the "Company"), or that the Company may have against me, including contract claims; tort claims; discrimination and/or harassment claims; retaliation claims; claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to my application for employment with the Company, and/or my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company (collectively "Covered Claims"), are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury. The parties hereby forever waive and give up the right to have a judge or a jury decide any Covered Claims.

(Doc. 36-1 at p. 2).

---

[2] Plaintiff avers that Aerotek is not named as a defendant in the amended complaint because she has "initiated administrative proceedings against Aerotek . . . and will seek leave to amend to rejoin Aerotek once all administrative prerequisites have been satisfied." (*See id*. at ¶ 6).

Symbotic now requests that the Court (1) compel arbitration pursuant to the Arbitration Agreement, and (2) stay the action. (Doc. 36 at pp. 8-9). Symbotic argues that Plaintiff executed the valid Arbitration Agreement, which provides that any disputes arising out of or related to Plaintiff's employment, including claims of discrimination, "will be resolved by [a]rbitration." (*See id*. at pp. 6-8). Symbotic explains that the Arbitration Agreement was signed between Plaintiff and Aerotek, a third-party company that provides staffing services for Symbotic. (*See id*. at p. 6). Plaintiff has no objection to the relief requested in the Motion to Compel Arbitration. (*Id*. at p. 9).

## II.    LEGAL STANDARDS

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, generally governs the validity and enforcement of arbitration agreements. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (citations omitted). Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2; *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014). The FAA establishes "a liberal federal policy favoring arbitration [agreements] and the fundamental principle that arbitration is a matter of contract." *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)) (internal quotation marks omitted); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985) (requiring courts to "rigorously enforce agreements to arbitrate") (citation omitted). Section 4 of the FAA grants district courts the authority to compel arbitration once the court is "satisfied that the making of the agreement

for arbitration or the failure to comply therewith is not [a]n issue." *See* 9 U.S.C. § 4. The FAA thus codifies a "strong federal preference for arbitration of disputes." *See Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003); *Collado v. J. & G. Transp., Inc.*, 820 F.3d 1256, 1259 (11th Cir. 2016) (per curiam) ("Federal policy strongly favors enforcing arbitration agreements.") (citations omitted).

The Supreme Court has held that the FAA applies generally to employment contracts, except those involving "transportation workers." *See Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); *see also Caley*, 428 F.3d at 1367 ("Indeed, compulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment-discrimination statutes.") (citation omitted).

In considering whether to compel arbitration, a court considers the following three factors: (1) "whether a valid written agreement to arbitrate exists"; (2) "whether an arbitrable issue exists"; and (3) "whether the right to arbitrate has been waived." *See Exceen v. Ramirez*, No. 8:24-cv-00880-WFJ-AEP, 2024 WL 3327509, at \*2 (M.D. Fla. June 13, 2024) (citing *Williams v. Eddie Acardi Motor Co.*, No. 3:07-cv-782-J-32JRK, 2008 WL 686222, at \*4 (M.D. Fla. Mar. 10, 2008)); *Abellard v. Wells Fargo Bank, N.A.*, No. 19-cv-60099, 2019 WL 2106389, at \*2 (S.D. Fla. May 14, 2019); *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004) (indicating that the threshold question in determining whether to compel arbitration is "whether the parties agreed to arbitrate the dispute") (citing *Mitsubishi Motors Corp.*, 473 U.S. at 626). "The court must grant a motion to compel arbitration if it is satisfied that the parties agreed to arbitrate the claims at issue." *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F.

Supp. 2d 1318, 1322 (S.D. Fla. 2010), *aff'd*, 433 F. App'x 842 (11th Cir. 2011) (citations omitted).

Once the court is satisfied that an arbitration agreement is enforceable, the FAA provides that a court must stay the action pending arbitration. *See* 9 U.S.C. § 3; *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (per curiam) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration") (citing 9 U.S.C. § 3); *Caley*, 428 F.3d at 1368 (stating that "the "FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding is referable to arbitration" under a written arbitration agreement) (citation and internal quotation marks omitted); *Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC*, No. 3:13-cv-576-J-34JFK, 2014 WL 757942, at *11 (M.D. Fla. Feb. 26, 2014) ("The Eleventh Circuit has held that the proper course is to stay the proceedings rather than dismiss the action.") (citations omitted).

## III. DISCUSSION

Here, the parties agree that they entered into a valid and enforceable Arbitration Agreement, which covers Plaintiff's claims against Symbotic. The Arbitration Agreement provides that, among other things, all disputes arising out of or related to Plaintiff's employment, including statutory discrimination claims, must be resolved through arbitration. (*See* Doc. 36-1 at p. 2). The Arbitration Agreement expressly extends to claims against any of Aerotek's "clients or customers," which includes Symbotic. (*See id.*). There is no dispute that Symbotic is considered Aerotek's client or customer.

Thus, the Court concludes that a valid Arbitration Agreement exists between the parties, and the scope of the Arbitration Agreement encompasses the instant dispute. *See, e.g.*,

*Lantaron v. Affiliated Healthcare Centers, Inc.*, No. 21-cv-22248, 2022 WL 3091379, at *1-2 (S.D. Fla. Fla. Mar. 3, 2022) (determining that plaintiff's pregnancy discrimination claim was subject to binding arbitration pursuant to a valid arbitration agreement signed between plaintiff and a third-party agency that provided staffing needs for defendant); *Chatham v. Chinle Dev., Inc.*, No. 8:25-cv-3017-MSS-NHA, 2025 WL 3852613, at *2 (M.D. Fla. Dec. 17, 2025), *report and recommendation adopted*, 2026 WL 27319 (M.D. Fla. Jan. 5, 2026) (holding that plaintiff's employment-related claims under Title VII of the Civil Rights, the Florida Civil Rights Act, the Pregnant Workers Fairness Act, and the Family Medical Leave Act were subject to binding arbitration pursuant to a valid arbitration agreement). Such a conclusion is consistent with the FAA's goal of enforcing valid arbitration agreements.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Defendant Symbotic, LLC's Unopposed Motion to Compel Arbitration and Stay this Action Pending Arbitration (Doc. 36) is **GRANTED**. The parties shall submit all claims to binding arbitration in accordance with the Mutual Arbitration Agreement (Doc. 36-1).

(2) This case is **STAYED** pending arbitration. On or before **June 2, 2026**, and every 90 days thereafter, Defendant Symbotic, LLC shall file a report as to the status of the arbitration proceeding. Additionally, Defendant Symbotic, LLC shall notify this Court within 10 days of the final resolution of the arbitration proceeding or other resolution of this dispute.

(3) The Clerk is **directed** to administratively close this case.

- 7 -

**DONE** and **ORDERED** in Ocala, Florida on March 4, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties